Juan B. Soto Latorre, peticionario y apelado, *v.* Junta de Retiro de los Empleados del Gobierno Insular de Puerto Rico, etc., demandada y apelante.

Núm. 9624.—*Sometido:* Abril 2, 1948. *Resuelto:* Abril 13, 1948.

*Hon. Procurador General Luis Negrón Fernández,* y *A. Torres Braschi* y *Jesús Zequeira, Procuradores Generales Auxiliares,* abogados de la apelante; *José Sabater* y *José O. Sabater,* abogados de la apelada.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En el 1926 el peticionario Juan B. Soto Latorre, mientras desempeñaba el cargo de Inspector de la Comisión de Indemnizaciones a Obreros, solicitó y obtuvo su retiro, de conformidad con la Ley entonces vigente, fijándosele una pensión mensual vitalicia de $45.94. En julio 18 de 1935 reingresó en el Gobierno de Puerto Rico como Agente de Rentas Internas del Departamento de Hacienda, luego de haber aprobado los correspondientes exámenes en el Servicio Civil Clasificado. En noviembre 3 de 1943 el Tesorero de Puerto Rico formuló cargos a éste y le destituyó en 3 de diciembre siguiente. Como mientras el peticionario desempeñaba sus funciones de Agente de Rentas Internas su pensión le fué suspendida, al quedar él cesante solicitó de

la Junta que le restituyera su derecho a la pensión y la Junta por Resolución de 13 de marzo de 1946 así lo acordó, pero concediendo al peticionario solamente la cantidad de que disfrutaba al jubilarse en el año 1926. Al así hacerlo, la Junta se negó a tomar en consideración los años adicionales servidos al Gobierno de Puerto Rico por el apelado desde julio 18 de 1935 hasta el 3 de diciembre de 1943, fecha en que como ya se ha dicho se le destituyó.

Acudió entonces el peticionario con una solicitud de *mandamus* ante el Tribunal del Distrito de San Juan y contestada la petición por la Junta querellada, el recurso fué visto oportunamente. El Tribunal de Distrito dictó entonces sentencia declarando con lugar la petición, ordenando a la Junta demandada que reliquidara la pensión del peticionario y agregara a ella el nuevo término servido por éste al Gobierno, e imponiendo a la demandada el pago de las costas, sin incluir honorarios de abogado.

La Junta ha acudido ante nos en apelación y sostiene en su alegato que el Tribunal de Distrito cometió manifiesto error al resolver que el peticionario tenía derecho a que se computara el segundo término de servicios en el Gobierno Insular, a los fines de determinar la cuantía de la pensión vitalicia concedídale.

■■ De acuerdo con la sección 4 de la Ley número 23 de 16 de julio de 1935 (Segunda Legislatura Extraordinaria, página 127), el retiro a los funcionarios y empleados cubiertos por la misma es concedido con renta vitalicia (1) por razón de edad, (2) por incapacidad física, (3) por el número de años de servicios prestados, o (4) por separación involuntaria. Tiene derecho al retiro por razón de edad todo funcionario o empleado en servicio activo que alcanzare la edad de 60 años y hubiese prestado servicios al Gobierno de Puerto Rico por un término no menor de 20 años. El retiro por incapacidad física lo puede disfrutar todo funcionario o empleado cubierto por la Ley que haya

servido por lo menos 15 años al gobierno y que, antes de tener derecho al retiro por razón de edad, o por años de servicios, quedare total y permanentemente incapacitado para dedicarse a cualquier clase de trabajo lucrativo. Del retiro por años de servicios disfrutará todo funcionario o empleado en servicio, que haya alcanzado la edad de 55 años, en caso de ser hombre, o 50 años, de ser mujer, y haya prestado por lo menos 25 años de servicios de acuerdo con la Ley. También gozará de esta clase de retiro todo aquél que haya servido al Gobierno por un período mínimo de 30 años sin límite de edad. Y el retiro por separación involuntaria se otorga a todo funcionario o empleado a quien la Ley 23, supra, sea aplicable, que habiendo llegado a los 45 años de edad, y "antes de tener derecho a retiro fuere separado involuntariamente por cualquier motivo, excepto destitución del Servicio Civil Clasificado o no clasificado, después de haber servido por un período no menor de veinte (20) años, . . . .".(1)

Cuando el retiro se solicita a base de cualquiera de las tres primeras modalidades el número de años de servicios rendido por el funcionario o empleado desempeña un papel de importancia en la computación de su pensión. Véase la sección 9.(2) No así cuando se solicita por separación in-

---

(1) Véanse las secciones 5, 6, 7 y 8 de la Ley 23 de 16 de julio de 1935, páginas 127, 131 a 135.

(2) "Sección 9.—La renta vitalicia de cualquier funcionario o empleado del Gobierno Insular de Puerto Rico, comprendido en el Servicio Civil clasificado o no clasificado, retirado bajo las disposiciones de esta Ley, será compuesta de una suma igual a dos por ciento (2%) del promedio de sueldos recibidos por el funcionario o empleado durante los últimos ocho (8) años de servicio, multiplicado por el número total de años de servicios computables durante los cuales cotizó normalmente, y uno y medio por ciento por cada año adicional de servicios computables durante los cuales no cotizó.

Al computar los servicios de un funcionario o empleado, se sumarán los distintos períodos de servicio que prestare en la forma expresada en la sección 3, cuyo total en años completos será el número de años de servicios que servirá de base para determinar su renta vitalicia no tomándose en consideración ninguna fracción menor de un año que sobrare.

Al computar el montante de la renta vitalicia se adoptará el múltiplo de doce más cercano a la cifra obtenida en la operación aritmética."

voluntaria, caso en el cual bastará con que el solicitante tenga 45 o más años de edad, que haya servido al gobierno durante no menos de 20 años y no haya sido destituído por justa causa. *Landan* v. *Junta de Retiro*, 65 D.P.R. 127 y *Del Valle* v. *Junta de Retiro*, 62 D.P.R. 208.

El peticionario en este caso, sin embargo, no solicita pensión de retiro bajo ninguna de las modalidades anteriormente expuestas. Su derecho a la pensión ya había sido establecido y reconocido desde el año 1926, en armonía con la ley entonces vigente. Lo que sí él solicita es que se reliquide el monto de su pensión y que se tome en cuenta el número adicional de años por él servidos al gobierno desde 1935 hasta su destitución en 1943.

La Junta recurrida insiste en apoyo de su recurso en que el peticionario no tiene derecho a lo solicitado, toda vez que (*a*) fué destituído de su cargo y (*b*) en vista de que no reclamó su derecho a la pensión adicional mientras estaba en servicio activo y antes de cesar en su cargo. No le asiste la razón.

Cuando un funcionario o empleado solicita su retiro por razón de edad, por incapacidad física o por años de servicios, bastará con que haga su solicitud mientras está en servicio activo, no teniendo importancia de clase alguna la forma en que sus servicios han cesado. *Cf. Tirado* v. *Junta de Retiro de Empleados*, 38 D.P.R. 1002. Solamente en los casos en que el peticionario solicita su retiro por separación involuntaria es que se exige que su cesación no haya sido debida a destitución por causa justificada y, como en los demás casos, que el retiro se solicite mientras se está en servicio activo. Empero, aquí el peticionario no está solicitando por primera vez que se le conceda una pensión, ni la pide por separación involuntaria. Esa pensión, según ya hemos visto, le fué concedida en 1926 y meramente desea ahora que se le compute en ella el número adicional de años

por él servidos en el Departamento de Hacienda. Su caso en manera alguna está cubierto por la sección 8, supra. Sí lo está por la sección 19 de la misma, la cual dispone que " . . . . los funcionarios y empleados jubilados . . . . podrán volver al servicio activo del Gobierno de Puerto Rico, si así lo desearen, quedando mientras tanto suspendida la renta vitalicia que disfrutaren, . . . . " y que "Los derechos adquiridos dentro del Servicio Civil por los funcionarios y empleados que se encuentren en este caso no serán afectados, al volver al servicio, por las leyes y reglamentos del Servicio Civil Puertorriqueño, *ni tampoco serán afectados los derechos adquiridos por tales funcionarios y empleados para obtener nuevamente una renta vitalicia, debiendo, por lo tanto, la Junta de Retiro otorgarles, sin otros requisitos, la renta vitalicia a que tuvieren derecho al retirarse nuevamente del servicio. . . . "* (Bastardillas nuestras.)

Nos dice con claridad meridiana esta sección que tampoco serán afectados los derechos de los funcionarios o empleados jubilados para obtener *nuevamente* una renta vitalicia. Es incuestionable que si se tratara de la misma pensión originalmente concedida al funcionario o empleado, el legislador no hubiera dicho que los derechos de éstos no serían afectados para obtener nuevamente una renta vitalicia. *Nuevamente* es un adverbio de modo que quiere decir *de nuevo*, significando esta frase *reiteradamente* o *repetidamente*. La concesión de una pensión reiteradamente o repetidamente presupone la existencia de una pensión anterior. No puede, por ende, haber querido la ley referirse a la pensión originalmente otorgada, sino necesariamente a una nueva pensión, que resulta ser una reiteración o repetición de la concedida anteriormente. Además, continúa diciendo la sección 19, supra, que esta renta vitalicia será otorgada *sin otros requisitos* al retirarse nuevamente del servicio. Sin otros requisitos sin duda quiere decir, la

mera radicación de una solicitud ante la Junta indicándole que el funcionario o empleado ha cesado una vez más en el servicio y que desea se le computen los años adicionales por él servidos.

Dispone finalmente la referida sección que ''los funcionarios y empleados jubilados que volvieren al servicio activo contribuirán otra vez al Fondo de Retiro.'' ¿No significa esto claramente que tales funcionarios y empleados jubilados por el hecho de contribuir de nuevo al fondo tienen derecho a que se les computen los años adicionales por ellos servidos? Una respuesta afirmativa se impone. Sería ilógico imaginarse que la ley exija a dicho funcionario o empleado que retorna al servicio que contribuya al Fondo de Retiro con el 3 por ciento de sus haberes y que por el contrario no se le concedan derechos por tal contribución.

Por las razones indicadas, llegamos a la conclusión de que el hecho de haber sido el apelado destituído de su cargo por justa causa y de no haber hecho su solicitud a la Junta de Retiro mientras estaba en el desempeño de sus deberes oficiales como empleado del Departamento de Hacienda, no le priva de su derecho a disfrutar de una pensión adicional por los años de servicios por él prestados al reintegrarse al gobierno en julio 18 de 1935.

En justicia al peticionario consideramos nuestro deber hacer constar que de los autos se desprende que él no fué destituído por una causa infamante, sino, como dijo el juez del tribunal inferior, ''más bien por una errónea concepción de cómo debe constituirse un gobierno, alimentado en parte por un extremado ardor político.''

*Debe confirmarse la sentencia apelada.*