Lope Valdespino Agostini, peticionario, apelante y apelado, v. Junta de Retiro de los Empleados del Gobierno Insular de Puerto Rico, demandada, apelada y apelante.

Núm. 9992.—*Sometido:* Febrero 1, 1950. *Resuelto:* Marzo 16, 1950.

*Pascasio Fajardo Martínez*, abogado del apelante apelado; *Hon. Procurador General Vicente Géigel Polanco y A. Torres Braschi, Procurador General Auxiliar,* abogados de la apelada apelante.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Se radicó el presente *mandamus* en la Corte de Distrito de Mayagüez dirigido contra la Junta de Retiro de los Empleados del Gobierno Insular. En la petición se alega que el peticionario había estado trabajando durante treinta años con el Gobierno Insular desempeñando el cargo de Márshal de la Corte Municipal de Mayagüez, hasta el 26 de octubre de 1937 en que cesó en su trabajo con el Gobierno retirándose con una pensión de $351.48 anuales, o sea $29.29 mensuales; que el 2 de agosto de 1946 reingresó a trabajar de nuevo con el Gobierno, esta vez desempeñando el cargo de Inspector de la Administración General de Suministros, puesto éste que ocupó hasta el día 31 de marzo de 1947 en que fué dejado cesante debido a que su puesto fué eliminado del presupuesto; que solicitó entonces de la Junta de Retiro que le siguiera pasando su pensión la cual fué ordenada por dicha Junta pero limitándola a $302.67 anuales, o sea $25.22 mensuales; que solicitó la reconsideración de dicha orden alegando que la misma era inferior a la que él tenía derecho, ya que según el artículo 8 de la Ley núm. 23 de 1935 ((2) pág. 127), enmendada por la Ley núm. 132 de 2 de mayo de 1940 (pág. 755), a él le correspondía una pensión vitalicia igual a la mitad del sueldo que devengaba como Inspector de Suministros, la cual cantidad lo era la suma de $84.50 mensuales.

Visto el caso en su fondo, la corte inferior encontró probados los anteriores hechos relatados y dictó sentencia, la cual fué aclarada a petición de la Junta, en el sentido de que se le computara al peticionario el tiempo por él trabajado en su nuevo empleo con el Gobierno a los efectos de la pensión que le fué concedida al retirarse originalmente.

No conforme con la sentencia dictada, tanto el peticionario como la Junta apelaron.(¹)

■■ Sostiene el apelante en su alegato que erró la corte inferior al no resolver que, como cuestión de derecho, a él le correspondía retirarse pensionado con la mitad del sueldo que percibía como empleado de la Administración de Suministros.

En ninguno de los alegatos presentados se levanta la cuestión que creemos dispone del presente caso.

El artículo 13 de la Ley núm. 23 según enmendado por la núm. 132, supra, autoriza a la Junta de Retiro a deducir y retener un 3 por ciento del sueldo de todo funcionario o empleado del Gobierno Insular de Puerto Rico. El último "disponiéndose" de este artículo dice lo siguiente: *"Disponiéndose, además*, que todo funcionario o empleado que habiendo dejado de prestar servicios al Gobierno Insular, volviere nuevamente al servicio después de la vigencia de esta Ley, deberá servir, por lo menos, durante tres (3) años consecutivos para tener derecho a gozar de los beneficios de la presente."* Para que el apelante pudiera tener derecho a gozar de los beneficios de la Ley núm. 23, supra, al él volver nuevamente al servicio después de haber estado jubilado, debió haber servido por lo menos durante tres años consecutivos al Gobierno a tenor con el último "disponiéndose" del artículo 13. Demostrando el caso que el apelante no cumple con este requisito, ya que él volvió a trabajar con el Gobierno el día 2 de agosto de 1946 y cesó el día 31 de marzo de 1947, a lo único que tiene derecho es a su pensión original, la cual estuvo en suspenso desde el momento en que entró de nuevo al servicio del Gobierno, a tenor con el artículo 19 de la Ley núm. 23 de 1935, supra.

El caso de *Soto* v. *Junta de Retiro*, 68 D.P.R. 603, citado por la corte inferior, no sostiene su sentencia y tampoco es contrario a lo que en el presente resolvemos. Los hechos

---

(¹) El día 25 de enero de 1950 la Junta de Retiro radicó una moción desistiendo de la apelación entablada por ella.

expuestos al principio de la opinión en dicho caso, demuestran que Soto sirvió de nuevo al reingresar en el Gobierno, desde el 18 de julio de 1935 hasta el 3 de diciembre de 1943, es decir, durante más de ocho años consecutivos. No había necesidad, por tanto, de mencionar y de aplicar el último "disponiéndose" del artículo 13, supra, al resolver dicho caso, pero sí resolvimos que el artículo 8 de la ley, en que se basa el apelante, no era aplicable.

*Debe modificarse la sentencia apelada en el sentido de ordenarse a la Junta de Retiro que pase al peticionario la cantidad de $29.29 mensual, o $351.48 anual, suma ésta que comprende la pensión a la cual tiene derecho el peticionario y, así modificada, confirmarse.*

El Juez Asociado Sr. Negrón Fernández se inhibió.